UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHUIBO ZHANG, individually and derivatively on behalf of nominal defendant JIUZI HOLDINGS INC.,<br><br>        Plaintiff,<br><br>v.<br><br>TAO LI, HUIJIE GAO, YI ZHU, SHU LIU, WENGIAN GAO, XINPING LI, and JIUZI HOLDINGS INC. (nominal defendant),<br><br>        Defendants. | Case No. 1:25-cv-09578 (PAE)<br><br>**Initial Civil Case Management Plan for Expedited Discovery** |

In accordance with the December 3, 2025 Order of the Court directing counsel for plaintiff and for defendant Jiuzi Holdings Inc. ("Jiuzi", collectively, the "parties") to file a case management plan setting out deadlines for an initial discovery phase as outlined at the hearing held in this action on December 3, 2025, the parties respectfully submit this Initial Civil Case Management Plan for Expedited Discovery.

1.  The parties may conduct initial, expedited discovery relating to:

    a.  The plaintiff's letter purportedly resigning as a director and chairman of the board of Jiuzi on or about August 28, 2025, including transmittal emails or other communications reflecting the delivery of that letter;

    b.  Communications about plaintiff's actual, potential or planned resignation as chairman or a director of Jiuzi;

    c.  The process by which other directors resigned from the board of Jiuzi between April 1, 2023 and September 30, 2025 including transmittal emails or other communications. Relevant communications about the process by which directors resigned from the board of Jiuzi may include privileged documents. The parties should work cooperatively to try to resolve any disputes regarding any responsive documents that are subject to a claim of privilege, including potentially agreeing that disclosure of such documents will not constitute a waiver of privilege or may be, at most, only a partial waiver of the privilege and the attorney-client privilege will otherwise remain fully intact with respect to all other documents and communications not disclosed;

1

   d.  bank or other records, including emails, transmittal documents, or other communications by:

   i.  Defendants, Jiuzi, Beijing Duoxi Trading Co., Ltd. ("Duoxi"),

   ii.  the individual investors who allegedly funded Duoxi,

   iii.  the alleged recipients of the funds and their investors, principals or representatives (as identified in paragraphs 27, 28, and 29 of the Complaint), and/or

   iv.  banks (i.e. Ping An Bank) or other entities receiving or sending funds,

   reflecting the sending of funds and/or the receipt of funds and/or the actual or anticipated use by Jiuzi or its subsidiaries of the funds provided by Duoxi in connection with the alleged transactions referred to in the Complaint; and

   e.  documents reflecting or relating to the approval by Jiuzi of the transactions with Duoxi referred to in paragraphs 25-29 of the Complaint.

2. The parties may exchange additional written requests for documents consistent with the above on or before December 19, 2025 (but this CMP will serve as the initial requests by the parties).

3. Each party shall notify the other in writing about any objections to the requests for documents on or before December 29, 2025.

4. The parties shall produce responsive documents on or before January 31, 2026. Documents should be produced on a rolling basis to the extent possible.

This ORDER may not be modified or the dates herein extended, except by further order of this Court for good cause shown. Any application to modify or extend the dates herein shall be made in a written application in accordance with the Court's Individual Rules and Practices and shall be made no less than two (2) business dates prior to the expiration of the date sought to be extended.

_____
Paul A. Engelmayer
United States District Judge

Dated:    December 15, 2025
          New York, New York

2