UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHUIBO ZHANG, *individually and derivatively on behalf of nominal defendant*, JIUZI HOLDINGS, INC.,

Plaintiff,

-v-

TAO LI, HUIJIE GAO, YI ZHU, SHU LIU, WENQIAN GAO, XINPING LI, *and* JIUZI HOLDINGS INC. (nominal defendant)

Defendants.

25 Civ. 9578 (PAE)

ORDER

PAUL A. ENGELMAYER, District Judge:

On November 17, 2025, plaintiff Shuibo Zhang filed the complaint in this case. Dkt. 1. On November 21, 2025, Zhang moved for emergency relief, seeking to enjoin any actions involving the governance, capitalization, Securities and Exchange Commission ("SEC") filings, or assets of Jiuzi Holdings, Inc. ("Jiuzi"). Dkt. 9. That same day, the Court entered an order, setting a briefing schedule and scheduling a hearing on Zhang's motion for emergency relief. Dkt. 11.

On December 3, 2025, the Court heard argument from counsel for Zhang and Jiuzi. The Court denied Zhang's motion for a temporary restraining order and directed the parties to file a case management plan. Dkt. 17. Zhang requested, and the Court granted, until December 11, 2025 to file an amended complaint that comported with requirements of Federal Rule of Civil Procedure 23.1. *See* Fed. R. Civ. P. 23.1(b); Hearing Tr. at 60–61. On December 11, 2025, the parties requested an extension until December 16, 2025 for Zhang to file his amended complaint and a concordant extension until January 6, 2026 for defendants to answer. Dkt. 18. That same day, the Court granted the extension request. Dkt. 19. On December 17, 2025, the Court entered

a case management plan jointly proposed by the parties, which directed completion of expedited discovery into discrete topics by January 31, 2026. Dkt. 25. The case management plan requested a further extension until December 23, 2025 for Zhang to file his amended complaint. *Id.*

On December 23, 2025, Zhang's counsel of record, McLaughlin & Stern LLP ("M&S"), moved to withdraw, citing Zhang's failure to meet his financial commitments and their irreconcilable differences as to litigation strategy. Dkt. 30. That same day, the Court entered an order permitting Zhang until January 23, 2025 to obtain new counsel, or appear in the action *pro se*, and staying all deadlines for 30 days. Dkt. 30. Zhang's deadline to file his amended complaint was, therefore, January 23, 2026. On January 27, 2026, the Court granted M&S's motion to withdraw and directed Zhang to file a notice of appearance forthwith. Dkt. 34. On January 28, 2026, outgoing counsel for Zhang, M&S, filed an affirmation representing that it served Zhang with a copy of the Court's order, Dkt. 34, which directed Zhang to file a notice of appearance forthwith. Dkt. 35.

As of February 6, 2026, Zhang has not filed a notice of appearance, no amended complaint has been filed, and no progress has otherwise been made in this case. Accordingly, it is hereby ORDERED that Zhang shall show cause by February 20, 2026 why the above-captioned action should not be dismissed for failure to prosecute, pursuant to Rule 41 of the Federal Rules of Civil Procedure.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: February 6, 2026
New York, New York