UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHUIBO ZHANG, *individually and derivatively on behalf of nominal defendant*, JIUZI HOLDINGS, INC.,

Plaintiff,

-v-

TAO LI, HUIJIE GAO, YI ZHU, SHU LIU, WENQIAN GAO, XINPING LI, *and* JIUZI HOLDINGS INC. (nominal defendant)

Defendants.

---

25 Civ. 9578 (PAE)

<u>ORDER</u>

PAUL A. ENGELMAYER, District Judge:

On November 17, 2025, plaintiff Shuibo Zhang filed the complaint in this case. Dkt. 1. On November 21, 2025, Zhang moved for emergency relief, seeking, *inter alia*, to enjoin any actions involving the governance, capitalization, or assets of Jiuzi Holdings, Inc. ("Jiuzi"). Dkt. 9. That same day, the Court entered an order, setting a briefing schedule and scheduling a hearing on Zhang's motion for emergency relief. Dkt. 11.

On December 3, 2025, the Court heard argument from counsel for Zhang and Jiuzi. The Court denied Zhang's motion for a temporary restraining order and directed the parties to file a case management plan. Dkt. 17. Because Zhang's initial complaint had not comported with the requirements of Federal Rule of Civil Procedure 23.1, Zhang requested, and the Court provided, until December 11, 2025 to file an amended complaint. *See* Fed. R. Civ. P. 23.1(b); Hearing Tr. at 60–61. On December 11, 2025, Zhang requested an extension until December 16, 2025 to file his amended complaint. Dkt. 18. That same day, the Court granted the extension request. Dkt. 19. On December 17, 2025, the Court entered a case management plan jointly proposed by the

1

parties, requesting a further extension until December 23, 2025 for Zhang to file his amended complaint. Dkt. 25.

On December 23, 2025, Zhang's counsel of record, McLaughlin & Stern LLP ("M&S"), moved to withdraw, citing Zhang's failure to meet his financial commitments and their irreconcilable differences as to litigation strategy. Dkt. 30. That same day, the Court entered an order staying all deadlines for 30 days, providing Zhang until January 23, 2025 to obtain new counsel, or appear in the action *pro se*, and directing M&S to promptly serve Zhang with its motion to withdraw and the Court's order. *Id.* On December 24, 2026, M&S filed an affirmation representing it served Zhang with the Court's December 23, 2026 order. Dkt. 29. On December 29, 2025, M&S filed an affirmation representing it had served Zhang with its motion to withdraw. Dkt. 31.

On January 27, 2026, the Court granted M&S's motion to withdraw and directed Zhang to file a notice of appearance forthwith. Dkt. 34. On January 28, 2026, outgoing counsel for Zhang, M&S, filed an affirmation representing that it served Zhang with a copy of the Court's January 27, 2026 order, which directed Zhang to file a notice of appearance forthwith. Dkt. 35.

On February 6, 2026, the Court ordered Zhang to show cause, observing that Zhang has not filed a notice of appearance—despite being informed such was necessary since December 23, 2025—and no amended complaint comporting with Federal Rule of Procedure 23.1 had been filed. Dkt. 36. The Court ordered Zhang to show cause by February 20, 2026 why the above-captioned action should not be dismissed for failure to prosecute, pursuant to Rule 41 of the Federal Rules of Civil Procedure. As of March 3, 2026, Zhang has not appeared in this action and no progress has otherwise been made in this case.

Accordingly, under Federal Rule of Civil Procedure 41(b) and the Court's inherent power, *see Link v. Wabash R.R. Co.*, 370 U.S. 626, 630–32 (1962), the Court hereby dismisses this case, without prejudice, for the Zhang's failure to prosecute.

SO ORDERED.

PAUL A. ENGELMAYER
United States District Judge

Dated: March 4, 2026
       New York, New York